HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EUGENE BEAUREGARD, and SUSAN BEAUREGARD,

                Plaintiffs,

    v.

STATE OF WASHINGTON, et al.,

                Defendants.

No. 12-cv-5945-RBL

ORDER

Plaintiffs, already under a vexatious litigant order (*See Beauregard v. Lewis Cnty.*, No. 11-cv-638-RBL (W.D. Wash. Aug. 29, 2011) (Dkt. #44)), have filed yet another frivolous lawsuit regarding their property in their ongoing property dispute with their neighbors. The lawsuits—this being the sixth—all pertain in one way or another to easements across the Beauregards' property. (*See Beauregard v. Hillock*, No. 07-cv-712-FDB (W.D. Wash. 2007); *Beauregard v. Lewis Cnty.*, No. 05-cv-5738-RJB (W.D. Wash. 2006); *Beauregard v. Hillock*, No. 09-cv-1614-RJB (W.D. Wash. 2009); *Beauregard v. Lewis Cnty.*, No. 11-cv-638-RBL (W.D. Wash. 2011); *Beauregard v. VanderStoep, Remund Blinks & Jones*, No. 12-cv-5210-RJB (W.D. Wash. 2012)). The action is dismissed *sua sponte* because the Complaint fails to state a claim on which relief may be granted.

### I.    BACKGROUND

The Complaint is rife with legal conclusions but provides few factual allegations. (*See, e.g.*, Compl. ¶¶ 3.5–3.20.) Plaintiffs appear upset with an easement granted by order of the Lewis County Superior Court (case no. 03-2-00924-3) in 2004. The easement allows the

Hillocks, the Beauregards' neighbors, to continue using their residential water system, which uses what the Beauregards call a "spring box," a concrete box that accumulates water for residential use. (*See* Compl. ¶ 4.40.) The spring box in question was completed in 1942. (*Id.* ¶ 4.47.) The Beauregards allege that "the State of Washington's Superior Court . . . compels the Beauregards' participation in point source water pollution on Beauregards' property, without supervision of federal water pollution regulation." (*Id.* ¶ 4.50.) The Complaint is hazy on the source of "pollution" and on the connection to federal environmental laws.

The Complaint then turns to a confusing set of non-sequitur claims. Plaintiffs allege that "the Superior Court of the State of Washington does not have original jurisdiction in the determination of water rights under Washington law or federal law." (*Id.* ¶ 4.60.) Plaintiffs fault the Superior Court for not making "any reference to or holding based upon any deference due to the unambiguous statements of Congress in the CWA." (*Id.* ¶ 4.62.)[1] The Superior Court's order allegedly "conflict[s] with the unambiguously stated congressional design that requires the State of Washington executive's [sic] participation in a national goal of eliminating the discharge of pollutants . . . ." (*Id.* ¶ 4.63.) Plaintiffs fault the State for failing to investigate his claims of pollution arising from spring boxes. (*Id.* ¶ 4.84.) The Complaint states that Plaintiffs cannot "intentionally create and transfer a title to their property" without exposing themselves to "severe civil and criminal penalties." (*Id.* ¶ 4.105.)

Plaintiffs allege that Attorney General Rob McKenna failed to investigate his allegation that his neighbor's spring box is polluting "the waters and vernal pools of the United States navigable waters within the Chehalis River watershed." (*Id.* ¶ 4.113.) Mr. Beauregard also states that he informed the Attorney General that he fears "injury by targeted selective non-enforcement of the laws" because he is African-American. (*Id.* ¶4.134.)

## II.   DISCUSSION

### A.  Legal Standard

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*

---

[1] The Court does not understand this sentence any better than the reader.

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint must allege facts to state a claim for relief that is plausible on its face.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion.  *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly* ).

      Because Plaintiffs filed *pro se*, the Court construes the pleadings liberally and has afforded Plaintiffs the benefit of any doubt.  *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (noting that unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend).  A federal court may dismiss a complaint *sua sponte* pursuant to Federal Rule 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). . . .  Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307–08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision).  A complaint is frivolous when it has no arguable basis in law or fact.  *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Here, it is clear that this suit is merely the extension of the Plaintiffs' almost decade-long battle with their neighbors. What they seek is simply the review and reversal of a superior court order, which this Court will not do. Plaintiffs have already been labeled "vexatious" and are barred from suing their neighbors or Lewis County. They now seek to harass the State via federal law. Unfortunately for them, the Complaint lacks both factual allegations and legal bases sufficient to survive dismissal. Because amendment would be futile, the Court grants dismissal with prejudice.

### III.   CONCLUSION

For the reasons stated above, the Court **DISMISSES** this action with **PREJUDICE**. Further, the Court hereby **WARNS** Plaintiffs that further frivolous suits will be subject to sanctions under Federal Rule 11, which bars any filing that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(2). All claims must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(3). This means that further filings of frivolous lawsuits may result in sanctions, including monetary penalties. The Court strongly recommends that Plaintiffs retain counsel for any future legal endeavors in order to avoid sanctions for improper abuse of the courts.

Dated this 8th day of November 2012.

Ronald B. Leighton
United States District Judge